IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY WOLSKI, | : | Civil Division |
| Plaintiff | : | |
| v. | : | No. 1:08-cv-289 |
| | : | |
| CITY OF ERIE, | : | |
| Defendant | : | Judge Sean J. McLaughlin |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF
MARY WOLSKI'S MOTION FOR COSTS AND ATTORNEY'S FEES**

Plaintiff Mary Wolski respectfully submits this Memorandum of Law in support of Mary Wolski's Motion for Costs and Attorney's Fees in this case.

STATEMENT OF FACTS

The pertinent facts are contained in the accompanying Motion and the Affidavit of Paul J. Susko, Esquire in support of Plaintiff Mary Wolski's Motion for an award of Costs and Attorney's Fees.

Plaintiff seeks a total of $94,639.34 in attorney's fees and costs incurred in the underlying litigation and in preparation of the Motion for Attorney's Fees and related papers. All supporting papers and explanations are contained in the Motion and in the Susko Affidavit, and the exhibits thereto.

ARGUMENT

DEFENDANT IS LIABLE FOR MS. WOLSKI'S COSTS AND ATTORNEY'S FEES.

The goal of awarding attorney's fees in employment discrimination actions is to set a fee sufficient to encourage individuals injured by discrimination to seek judicial relief. **Copeland v. Marshall,** 641 F.2d 880, 890-891 (D.C. Cir. 1980) (en banc). See

*Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 401-402 (1968).

Plaintiff is considered a prevailing party for purposes of obtaining attorney's fees under the ADA when actual relief on the merits of the claim materially alters the legal relationship between the parties. Clearly, Ms. Wolski was the prevailing party in this litigation, which should be undisputed.

A district court deciding an attorney fee request under the ADA must determine whether the requested fee amount is reasonable in light of the level of success achieved. *See Shrader v. O.M.C. Aluminum Boat Group, Inc.,* 128 F.3d 1218 (8th Cir. 1997). In determining an appropriate attorney fee award, the Court must consider that the primary purpose of the provisions in the ADA which award attorney fees to a prevailing party is to provide civil rights litigants effective access to federal courts by ensuring that their counsel is compensated for all reasonable out-of-pocket expenses and services rendered.

The Supreme Court has held that the "initial estimate" of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate based upon the prevailing market rates in the relevant community. *See Blum v. Stenson,* 465 U.S. 886 (1984). Defendants challenging the accuracy and reasonableness of fee requests bear the burden of providing specific contradictory evidence. *McGrath v. County of Nevada,* 67 F.3d 248, 255 (9th Cir. 1995).

In making the initial calculation of the proper amount of attorney's fees the courts will generally apply the "lodestar" method which simply multiplies the number of hours reasonably expended on a case by a reasonable hourly rate. The starting point for

establishing a reasonable hourly rate is usually the "current market rate", even in multi-year litigation. Most courts apply **current** hourly rates to determine fee awards in multi-year litigation. *See, e.g.,* **Lightfoot v. Walker,** 826 F.2d 516, 523 (7th Cir. 1987); **Murray v. Weinberger,** 741 F.2d 1423, 1433 (D.C. Cir. 1984).

In order to decide what is reasonable, courts look at the prevailing market rates in the judicial district in which the trial court sits. *See* **Fink v. City of New York,** 154 F. Supp. 2d 403 (E.D. N.Y. 2001). Prevailing market rates are those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *See* **Quint v. A. E. Staley Mfg. Co.,** 245 F. Sup. 2d 162 (D. Me. 2003), affirmed, 84 Fed. Appx. 101 (1st Cir. 2003); **Foster v. Kings Park Cent. School Dist.,** 174 F.R.D. 19, 24 A.D.D. 1104 (E.D. N.Y. 1997).

For purposes of calculating an award of attorney's fees to a prevailing party under the ADA pursuant to the lodestar method, attorneys may provide evidence of prevailing market rates or the court may rely on its own knowledge of the local legal market. *See* **Americans With Disabilities Practice and Compliance Manual – Employment Provisions Under the Americans With Disabilities Act,** Chapter 7, § 7: 530 at page 7 – 692 (2006 Thompson/West, 11/2006); quoting **Quint v. A. E. Staley Mfg. Co.,** supra. Furthermore, the district court has significant discretion in determining the amount of a prevailing party's statutory fee award under the ADA. *See* **Rhoads v. F.D.I.C.,** 286 F. Supp. 2d 532 (D. Md. 2003) (4th Cir. 2004).

Reasonable hourly rates are determined by looking to the prevailing market rates in the relevant community. **Green v. Administrators of Tulane Educational Fund,** 284 F.3d 642 (5th Cir. 2002). The Supreme Court has stated that the prevailing market

3

rate may be established by the fee applicant's affidavits and other satisfactory evidence that show that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. See *Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984).

## COSTS

In employment discrimination cases, costs are awarded, as in other types of civil cases, pursuant to Federal Rule of Civil Procedure 54(d), which provides that costs shall be allowed as of course to the prevailing party unless the court otherwise directs.

The Civil Rights Act of 1991 Amended 42 U.S.C.A. § 1988 by adding subparagraph (c) which states in a civil rights action, "the court, in its discretion, may include expert fees as part of the attorney's fee". The Civil Rights Act of 1991 also amended 42 U.S.C.A. § 2000(e) – 5(k) by inserting "(including expert fees)" after "attorney's fee." (See Manual on Employment Discrimination Law and Civil Rights Actions in the Federal Courts, Second Edition, Richey, Vol. 1, p. 7-51.) Costs may also include reporting fees for depositions reasonably necessary for use in a case, even if they were not actually used at trial. *Fogleman v. ARAMCO (Arabian American Oil Co.),* 920 F.2d 278, 285 (5th Cir. 1991).

## CONCLUSION

It is submitted that the Plaintiff's lodestar is reasonable. The hourly rate is reasonable and the amount of time expended on the prosecution of Plaintiff's case has been properly documented. Because the amount of time expended and the hourly rate are both reasonable, the lodestar is reasonable and Plaintiff's request for the award of attorney's fees and costs should be awarded.

For the reasons stated herein and in the accompanying documents, we respectfully request that this Court award costs and attorney's fees to Plaintiff Mary Wolski in the total amount of $94,639.34.

Respectfully submitted,

KUBINSKI, SUSKO & SCHONTHALER

By s/Paul J. Susko Esquire
   Paul J. Susko, Esquire
Dated: February 21, 2012   Pa. Supreme Court I.D. #25995
   135 East Sixth Street
   Erie, PA 16501
   Telephone: (814) 455-7612
   Facsimile: (814) 461-8585
   Email: paul@ksslawfirm.com

Counsel for Plaintiff