# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY WOLSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 08-cv-289 |
| | ) |
| CITY OF ERIE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

**FISHER**, Circuit Judge.

Pending before the Court is the Renewed Motion for Summary Judgment (ECF No. 81) and brief in support (ECF No. 82), filed by defendant City of Erie (the "City"), and the response in opposition (ECF No. 83) and brief in support (ECF No. 84), filed by plaintiff Mary Wolski ("Wolski"). Wolski maintains that she was terminated from her job as a firefighter for the City in violation of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117(a). A five-day jury trial was held, and the jury found in Wolski's favor. Following post-trial motions, a new trial was granted (ECF No. 67) and the case was transferred. A date for retrial has been set and the present motion is ripe for disposition. For the reasons set forth below, the City's motion will be DENIED.

## I. Background

The court has already set forth in detail the underlying facts of this case, so only a brief overview is necessary at this time. *See* ECF No. 67 at 1-6. Wolski was the first female firefighter for the City of Erie Fire Department. In April 2005, Wolski's mother

fell ill and ultimately passed away in December of that year. Following her mother's sickness and death, Wolski's feelings of guilt and grief led her to fall into a severe depression, which culminated in Wolski attempting to take her own life by, *inter alia*, setting a small fire in her father's vacant residence on December 28, 2006. Family members found Wolski unconscious and sought medical treatment; the fire department also responded. Prior to her release from the hospital, Wolski was diagnosed with severe depression – single episode.

In the wake of these events and the subsequent criminal investigation, Wolski sought to return to work with the Erie Fire Department. She was instead placed on paid administrative leave, and was ultimately terminated by letter dated April 11, 2007. The letter indicated that the suicide attempt "render[ed] [Wolski] presumptively unsuited to be a firefighter, as [she posed] an ongoing threat to the safety of the public, other firefighters and [herself], having set a fire in a residence." Following her termination, Wolski pursued unsuccessful grievance procedures before the City's Civil Service Commission that concluded on December 11, 2007.

Wolski filed suit in this court on October 20, 2008, (ECF No. 1), alleging violations of Title I of the ADA, (Count I), and Section 955 of the Pennsylvania Human Relations Act, 43 Pa. Stat. § 955(a) (Count II). Following discovery, the City moved for summary judgment, which this court denied by Memorandum Opinion and Order dated February 25, 2011. (ECF No. 26.) The case was tried before a jury beginning January 30, 2012 and concluding February 6, 2012. The jury returned a verdict in favor of Wolski. (ECF No. 45.) At the close of Wolski's case in chief, the City moved for

2

judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) on grounds that Wolski failed to meet her *prima facie* burden of proving that she was "regarded as" disabled, and that she failed to prove that the City's proffered reason for termination—setting the structure fire—was a "pretext" for disability discrimination. (ECF No. 47.)

The City's Rule 50(a) motion was denied, and a renewed motion pursuant to Rule 50(b), along with a motion for a new trial pursuant to Rule 59 was filed on February 21, 2012. In its Rule 50(b) motion, the City raised for the first time the issue of whether Wolski established a "record of" a disability pursuant to § 12102(1)(B) of the ADA, 42 U.S.C. § 12102(1)(B). The court granted the City's motion in part and denied it in part. (ECF No. 67.) Specifically, the court found that the City waived its right to challenge the sufficiency of Wolski's evidence of a "record of" a disability, and thus denied the motion with respect to that claim. The court also concluded that the evidence in support of Wolski's "regarded as" claim did not establish that the City perceived Wolski as unable to perform other jobs besides that of firefighter. As a legal remedy, the court concluded that a new trial was appropriate since the general verdict form did not identify which theory of liability— "record of" or "regarded as"—formed the basis for the jury's verdict. At a status conference held on September 13, 2013, the City requested to file a renewed motion for summary judgment and the present motion followed.

## II. Discussion

### 1. The Nature of the City's Motion

Defendant relies upon the decision in *Young v. Pleasant Valley School District*, No. 07-cv-00854, 2013 WL 1856573 (M.D. Pa. May 2, 2013), in support of its argument

3

that a renewed motion for summary judgment is appropriate at this time. *Young* involved a trial of several claims premised on 42 U.S.C. § 1983, in which the jury returned a verdict for the plaintiff on two of the claims. 2013 WL 1856573, at *1. Following post-trial motions, the presiding judge vacated the judgment and ordered a new trial. *Id.* That ruling was premised, in part, on a finding that the defendants waived their right to file a motion pursuant to Rule 50(b) because they previously failed to move pursuant to Rule 50(a). *Id.* Despite this ruling, the judge's "Memorandum ma[de] clear that, absent waiver, judgment as a matter of law in [defendant's] favor would have been appropriate." *Id.* The case was subsequently transferred to a different judge and scheduled for a new trial, at which time the defendants renewed their Rule 50(b) motion on grounds that they would present no new evidence at the retrial, and that they were entitled to judgment as a matter of law. *Id.* The court denied the motion, but granted leave to file a successive motion for summary judgment.[1] *Id.* at *2 (citing *Ingram v. S.C.I. Camp Hill*, 448 F. App'x 275, 278 (3d Cir. 2011); *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010)).

The City argues that its motion should be treated as a renewed motion for summary judgment pursuant to the criteria outlined in *Young*. Although such a motion

---

[1] The court also addressed the issue of "the law of the case," insofar as a renewed motion for summary judgment would, in essence, permit the court to revisit its prior decision on summary judgment. The court concluded that the "interests of justice and economy" permitted such reconsideration. *Young*, 2013 WL 1856573, at *3 (acknowledging that: (1) the denial of a motion for summary judgment does not constitute the law of the case; (2) avoiding a potentially unnecessary trial is a justification for reconsideration; (3) the record was further developed in the first trial; and (4) the plaintiffs would not be prejudiced).

4

may be appropriate in some cases, as discussed more thoroughly below, the court in *Young* made explicit findings about the evidence adduced by the plaintiff and found it to be lacking as a matter of law. *Id.* at *3. The City, on the other hand, only indicates that this court made an "implicit" holding that the "record of" claim was not established, but cites no authority supporting its statement that "it became incumbent on [this] court to then point to the evidence that the jury could have relied on to support the verdict." (ECF No. 82 at 2.) The court is not obligated to make the City's argument for it and will not grant the requested relief.

In light of the limited nature of the City's challenge, the court will treat its motion as one for reconsideration of the court's previous order. *See Feesers, Inc. v. Michael Foods, Inc.*, 591 F.3d 191, 207 (3d Cir. 2010) (granting district courts "the power to revisit prior decisions of its own … in any circumstance," but particularly in "extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice." (internal quotations omitted)). Reconsideration is appropriate because a conclusive ruling on the "record of" theory could potentially avoid the need for a new trial. Wolski will not be prejudiced, since she has taken the opportunity to provide the court with an extensive appendix in support of her opposition to the City's motion. Reconsideration is also apropos in light of the serious procedural deficiencies in the City's motion, which make it difficult for the court to review the

motion.[2] As discussed below, however, the facts in *Young* are easily distinguished and thus counsel against granting the City's motion.

   **2.   Standard of Review**

A court has the discretion to alter or amend a judgment if the party seeking such reconsideration can show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Courts have found the avoidance of a potentially unnecessary trial to be a justification for reconsideration. *Hoffman*, 593 F.3d at 912. The City identified no change in law or new evidence, so the court must determine whether the decision to not address the merits of the City's Rule 50(b) motion was clear error, or worked a manifest injustice.

   **3.   Analysis**

The City argues, in essence, that the court can avoid the burden of conducting a retrial if it simply makes a definitive (and favorable) ruling on the City's Rule 50(b) motion with respect to Wolski's "record of" claim. The City points to *Young* as supporting the proposition that waiver can be overcome if the court made a conclusive determination that, even in absence of waiver, the movant would prevail on the merits.

---

[2] As noted by Plaintiff, Defendant's attempt to style its motion as a renewed motion for summary judgment fails to comport with this court's local rules in several respects, including the failure to submit a concise statement of material facts and an appendix. W.D. Pa. L.R. 56(B).

6

Where a case presents "conflicting determinations by the prior trial judge," the City maintains that it is entitled to summary judgment on Wolski's "record of" claim. (ECF No. 82 at 1.) The City's brief identifies instances where it insists the court made "implicit holdings" on the "record of" issue that it argues are sufficient to overcome the court's waiver ruling.

As an initial matter, the City's efforts to undermine the court's waiver ruling itself are unavailing. "'[A] defendant's failure to raise an issue in a Rule 50(a)(2) motion with sufficient specificity to put the plaintiffs on notice waives the defendant's right to raise the issue in the Rule 50(b) motion.'" *Chainey v. Street*, 523 F.3d 200, 218 (3d Cir. 2008) (quoting *Williams v. Runyon*, 180 F.3d 568, 571-72 (3d Cir. 1997)). The City's Rule 50(a) motion during trial made no mention of Wolski's "record of" claim. The court's acknowledgment that "'counsel did not unequivocally concede the issue'" (cited by the City in its brief) was in reference to whether counsel for the City even recognized that Wolski had pleaded a claim premised on a "record of" disability. *See* App. at 4-5[3] (counsel for the City acknowledged "Yes. We were aware that she had a mental disability."). As the court previously determined, the City never raised, much less argued, a challenge to Wolski's evidence on the "record of" disability claim—indeed, counsel's statements actually came close to conceding the point. *Id.* By virtue of not challenging the sufficiency of Wolski's evidence on her "record of" claim, the City effectively waived its Rule 50(b) challenge. *Chainey*, 523 F.3d at 218. That ruling may,

---

[3] All references to the Appendix filed with Wolski's response to the City's motion (ECF No. 84-1) will be by citation to "App."

however, only be overcome if the dictates of *Young* apply and the court conclusively determined that the City is entitled to judgment as a matter of law.

The facts in this case as set forth by Wolski are distinguishable from those in *Young*, thus precluding a grant of the requested relief. Contrary to the City's contention, the district court in *Young* made a conclusive determination that judgment as a matter of law in favor of the defendant would have been appropriate despite waiver. *Young*, 2013 WL 1856573, at *1. No such conclusive finding was made in the present case; indeed, the court has never ruled on this issue. *See* ECF No. 26 at 18 n.5 ("The City has not moved for summary judgment based on any element of Plaintiff's *prima facie* case.").[4] Additionally, the court in *Young* did not address the merits of the claim *sua sponte*, as the City argues; rather, the court denied the renewed Rule 50(b) motion and permitted the defendant to submit a renewed motion for partial summary judgment. *Young*, 2013 WL 1856573, at *4. That decision, however, was vigorously contested by the plaintiff. *See Young v. Pleasant Valley Sch. Dist.*, No. 07-cv-00854, 2013 WL 3456946, at *1 n.1 (M.D. Pa. Jul. 9, 2013) (acknowledging the repeated disputes over the court's decision to grant leave to file a motion for partial summary judgment).

The evidence and testimony identified in Wolski's brief demonstrates that Constance Cook and Chief Pol were aware of Wolski's depression prior to her termination. (ECF No. 84 at 6-11); *see Eshelman v. Agere Sys., Inc.*, 554 F.3d 426, 437

---

[4] Since proof of a "disability" is part of a plaintiff's *prima facie* case, *Taylor v. Phoenixville School Dist.*, 184 F.3d 296, 306 (3d Cir. 1999), the court notes that the City's attempt to "renew" a motion that was never raised in the first place is disingenuous at best.

(3d Cir. 2009) (requiring a plaintiff to show that she had a "'history of, or [had] been misclassified as having an impairment that substantially limited a major life activity'" (quoting *Sorensen v. Univ. of Utah Hosp.*, 194 F.3d 1084, 1087 (10th Cir. 1999)). Counsel for the City even acknowledged that "[w]e were aware that she had a mental disability." App. at 5. Chief Pol indicated that documentation of Wolski's depression existed and he was aware of such documentation. App. at 107-12. Other evidence, already acknowledged by the court, showed that testimony by the City's decisionmakers "could be interpreted as reflecting a direct discriminatory animus" toward Wolski on account of her disability. (ECF No. 67.) A reasonable jury could find that this evidence, which appears to be unrebutted by the City, was sufficient to show that the City relied upon a record of impairment in making its decision to terminate Wolski. *See Eshelman*, 554 F.3d at 437.

The City asks the court to make several inferences based upon disparate remarks, none of which constitute evidence in the present case or an explicit holding by the court. Specifically, the City refers to the court's statement that Ms. Cook and Chief Pol developed a generalized fear "without the benefit of any objective medical or psychological evidence." (ECF No. 67 at 27.) This statement, taken in isolation, is not sufficient to constitute a holding that the City is entitled to judgment as a matter of law, particularly in light of the evidence adduced by Wolski indicating that Ms. Cook and Chief Pol knew of Wolski's depression and treatment prior to her termination, and that they were aware of documentary evidence of such treatment.

9

The City also suggests that "[i]t is inescapable that the only evidence that the court found to be probative were statements of generalized fear made in the absence of objective medical and psychological evidence." (ECF No. 82 at 3.) This is pure speculation and suggests that the court should turn a blind eye to the evidence of record, while at the same time assuming that one statement constitutes an actual holding. The City, for its part, has not pointed the court to any evidence in the record (beyond citations to this court's previous opinion) to support its position, nor has it made virtually any argument that it is entitled to judgment as a matter of law beyond unsupported assertions that Wolski did not meet her burden.

In light of these considerations, it is clear that the path taken by the court in *Young* does not apply to the present case, since there was no conclusive determination made with respect to Wolski's "record of" claim. The court cannot therefore conclude that it was clear error to not consider the merits of the City's Rule 50(b) motion, and the City's present motion must be denied.[5] An appropriate order follows.

---

[5] To the extent the City requests that this court enter an order "declaring that Judge McLaughlin's ruling on the City's challenge to Wolski's 'regarded as' claim is the law of the case," the court declines to do so. (ECF No. 82 at 10.) A reading of the court's prior order indicates that the court only granted the City's motion for a new trial. *See* ECF No. 67 at 31 ("The Defendant's motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) shall be and, hereby is, DENIED."). As such, the court only determined that the evidence as presented at the first trial did not support the jury's verdict. *See* Fed. R. Civ. P. 59(a). Since the court's previous ruling did not preclude Wolski's "regarded as" claim as a matter of law, the City's motion to have that ruling be established as the law of the case will be denied. To the extent that the City seeks a ruling with respect to paragraph 38 of the complaint, that motion will also be denied because the argument has never been raised before, and is not appropriate for a motion for reconsideration. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009).

**ORDER**

AND NOW, this 30th day of October, 2013, upon consideration of the renewed motion for summary judgment (ECF No. 81) and brief in support (ECF No. 82) filed by defendant City of Erie, the response in opposition (ECF No. 83) and brief in support (ECF No. 84) filed by plaintiff Mary Wolski, and for the reasons set forth in the accompanying Memorandum Opinion, it is HEREBY ORDERED that defendant's motion is DENIED.

By the court:

/s/ D. Michael Fisher
D. Michael Fisher
U.S. Court of Appeals Judge