IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY WOLSKI,          Plaintiff | : <br> : <br> : |
| v. | : <br> :   Case No. 1:08-cv-289 |
| THE CITY OF ERIE          Defendant | : <br> : <br> : |

### ORDER APPROVING SETTLEMENT AGREEMENT

AND NOW, this <u>12th</u> day of November, 2013, it is hereby ORDERED, upon consideration of the parties, Plaintiff, Mary Wolski and Defendant, City of Erie, who hereby agree to resolve the above captioned civil action under the terms and conditions stated herein and further agree to submit to the Order of Court as addressed herein, as follows:

Plaintiff, Wolski, agrees to resolve her claim against Defendant, City of Erie, in its entirety for payment by Defendant, City, in the amount of Three Hundred and Fifty Thousand ($350,000.00) Dollars and reinstatement to her position in the City of Erie Bureau of Fire effective from the date of her termination on or about April 11, 2007.  The City agrees to pay said sum and reinstate Plaintiff to allow for a continuous, uninterrupted service as a member of the City's Bureau of Fire, subject to the condition stated herein.

Under the terms of this settlement, it is ORDERED that the sum of $350,000.00 shall be made payable to "John C. Melaragno, Trustee in Bankruptcy" for administration in Plaintiff's Bankruptcy Estate.  The Trustee, and this Court so directs distribution to the City of Erie sufficient funds to effectuate the Order of reinstatement herein.  To wit:  The Bankruptcy Trustee agrees to pay to the City of Erie on Plaintiff's behalf, the total sum of  Forty Six Thousand Six Hundred Forty Two Dollars and 68/100 ($46,642.68) ("pension reinstatement sum"), which represents: 1.)   Wolski's pension contributions in the amount of  Twenty Three Thousand Two

Hundred Sixty Six Dollars ($23,266.00) which Plaintiff withdrew from the City's pension plan subsequent to her termination on or about April 11, 2007; and, 2.) The additional sum of Twenty Three Thousand Three Hundred Seventy-Six Dollars and 68/100 ($23,376.68), which represents outstanding pension contributions from the settlement deemed as back pay and due and payable over to the City in order to bring Plaintiff's pension service obligation current from date of termination to the date of the reinstatement Order. That figure is computed on Six percent (6%) of her back wage during her absence from City employment plus One Dollar ($1.00) for each month between April 11, 2007 and the date of this Order.

The City agrees to take all necessary actions on its part to secure Wolski's reinstatement in the Bureau of Fire and her pension service, subject only to tender of her pension reinstatement sum. Wolski and/or the Trustee further agree to tender a Release of Claims or other documents necessary to effectuate the resolution stated herein.

Further, upon consideration of the parties' settlement, the Court **Orders** that Mary Wolski shall be reinstated to her position with the City of Erie Bureau of Fire from the date of her termination with all intervening time credited for firefighter pension purposes. Upon payment of the above stated pension reinstatement sum to the City of Erie, Wolski shall be considered to have accrued employment service time for that period of time commencing April 11, 2007 through the date of this Order.

It is FURTHER ORDERED that the terms of this Order Approving Settlement are subject to approval by the U.S. Bankruptcy Court.

                                                   By the Court

                                                   s/Judge D. Michael Fisher
                                                   D. Michael Fisher, Judge
                                                   United States Court for the Third Circuit